IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NANCY H. GONZALEZ-GONZALEZ,

   Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

CIVIL NO. 11-1865 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Nancy H. González González (hereafter plaintiff "González") filed this action for judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying her application for a period of disability and ensuing disability benefits. (Docket No. 1). Plaintiff González submits the administrative determination denying her a protected period of disability should be set aside for not being in accordance to law nor sustained by the longitudinal medical evidence for which she should be considered disabled.[1]

On January 31, 2012, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 6 and 7). The presiding district judge referred initially the matter for report and recommendation or for disposition, if consent was provided. On March 2, 2012, plaintiff González, through her legal representative Atty. Salvador Medina De-La-Cruz, consented to proceed before the Magistrate Judge. (Docket

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"… [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

No. 11).[2]  Thereafter, on June 5, 2012, Atty. Medina De-La-Cruz filed plaintiff's memorandum of law.  (Docket No. 21).  On June 27, 2012, defendant filed his memorandum.  (Docket No. 22).

Upon examination of the pleadings filed, this Magistrate Judge discusses below the pending motions and the appropriate disposition of this action, ordering the decision of the Commissioner to be affirmed.

## BACKGROUND

Plaintiff González claimed inability to work since January 30, 2003, due to the following: back pain, need to change positions frequently and forgetfulness, being depressed and unable to handle stress.  She is a high school graduate whose past relevant work was as factory worker and considered a younger individual at the time of the decision.  After the initial application was denied, the requested administrative hearing was scheduled.  The record shows plaintiff González waived being present at the administrative hearing, wherein the presiding Administrative Law Judge ("ALJ") entertained the testimony of a vocational expert.

The ALJ considered the medical evidence of record, the testimony of a vocational expert, as well as allowed plaintiff's legal representative to ask questions to the vocational expert.  On November 12, 2009, the ALJ issued an opinion denying plaintiff González' disability claims from onset date of alleged disability up to July 22, 2007, for she was able to perform other alternate work than her previous relevant work as a factory worker.  The

---

[2] The government has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases.  Title 28, United States Code, Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

ALJ, however, granted disability and ensuing benefits from the latter date concluding that as of July 22, 2007 and thereafter, plaintiff González was unable to perform any work activity. The Appeals Council denied the request for review, for which said final decision is now pending judicial determination.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff González claimed disability due to exertional and non-exertional conditions, including mental impairments caused by severe depression.

Upon plaintiff's waiver to appear at the administrative hearing, the presiding ALJ determined that: 1) plaintiff met the insured status requirements through June 30, 2008, the date she was last insured; was not engaged in substantial activity since the date of alleged disability; and suffered from severe impairments, including back problems and a mental condition. (Docket No. 5, Trans., p. 23). The ALJ further concluded plaintiff González did not have an impairment or combination thereof that were listed in the Listing of Impairments since the alleged onset date of disability, that is, since the year 2003. The ALJ stated consideration of the entire record, prior to July 22, 2007, the date plaintiff is considered disabled, she had the residual functional capacity to perform light work, except that she was limited to simple, repetitive work, with no contact with public and only occasional contact with peers and supervisors. (*Id.*, p. 24). Thus, prior to July 22, 2007, there were significant number of jobs in the national economy González could perform within he full range of light work, as indicated by the vocational expert's testimony. Those jobs included inspector, thread cutter, and routine soldering (*Id.*, pp. 26 and 361-362). The

ALJ therefore considered plaintiff González not under disability prior to July 22, 2007, and disabled thereafter.

In conclusion, the ALJ concluded that beginning on July 22, 2007, González had the residual functional capacity only for sedentary work, and also needed to alternate positions, having low back pain, became more distracting, and she continued to be limited to simple, repetitive work with no contact with the public and only occasional contact with peers and supervisors. Her symptoms and limitations were considered credible and were consonant with x-rays and medical exams. With said residual functional capacity, and further considering González' age, education, work experience, the ALJ concluded there were no significant numbers of jobs in the national economy that plaintiff González could perform and was considered disabled as of July 22, 2007. (*Id.*, p. 27).

The ALJ's decision was affirmed by the Appeals Council, for which plaintiff González seeks judicial review insofar as the protected period from which disability was denied, that is, prior to July 22, 2007.

**THE ALJ'S DECISION AND THE APPEALS COUNCIL**

The ALJ applied in his administrative process the evaluation process mandated by law, insofar as concluding that plaintiff: (1) met the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through June 30, 2008; (2) had not engaged in substantial gainful activity since the alleged onset date of disability in the year 2003; (3) allegations of severe impairments or combination thereof had more than a minimal affect on her ability to perform basic work-related activities, constituting severe impairments; (4) plaintiff did not have an impairment or combination

that meets or equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) upon consideration of the entire record plaintiff had the residual functional capacity to perform the full range of light and/or sedentary type of work from onset date of disability in 2003 and up to July 22, 2007. Considering plaintiff's residual functional capacity for light work, the ALJ determined she could not perform her previous kind of work as a factory worker prior to July 22, 2007, but there were jobs available within the full light level of capacity that plaintiff González could still perform. After July 22, 2007, with additional limitations imposed, there were no significant available jobs in the national economy and González was found disabled from that date forward.

**LEGAL ANALYSIS**

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§

404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The ALJ in the instant case examined and analyzed plaintiff González' case following the five steps above described.

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). In the present case, plaintiff González was found by the ALJ unable to perform her previous past relevant work as factory worker and, thus, continued the examination after said step four. By determining the residual functional capacity for full range of light, and also it logically follows for sedentary type of work, and upon the testimony of a vocational expert, the ALJ concluded there were jobs available in the national economy within plaintiff's residual functional

capacity up to July 22, 2007. The ALJ opined plaintiff González was not under disability and the Appeals Council thereafter affirmed.

Counsel for plaintiff Medina De-La-Cruz discusses in his memoranda several aspects of the case in regards to the medical evidence and the combination of plaintiff's impairments, particularly that no proper weight was given by the ALJ to the treating physicians' medical reports. (Docket No. 21, p. 2). Counsel also avers the vocational expert was not presented with the full panoply of relevant hypothetical questions that accurately reflected all of the plaintiff's limitations. (*Id.*, p. 3). Plaintiff González' impairments were not fully presented to the vocational expert, but rather that plaintiff González could execute in the light range of work, repetitive and simple tasks and could not have contact with the public, but occasional contact with supervisors and workers. (*Id.*, p. 13; Docket No. 30, Trans., pp. 171-172 and 322-324). Plaintiff's memorandum rests mostly in that the treating psychiatrist reporting of marked limitations in ability to pay attention and concentration, to complete a normal workday or work week, to perform at a consistent pace and to accept instructions and criticism from supervisors, were not submitted to the vocational expert.

The record shows the ALJ considered González was working since the year 2003 having complaints of long standing back problems that increasingly worsen and pain interfered with her ability. She also had complaints of low back pain, weakness in her lower extremities and frequent falls, with pain and stiffness in her hands and shoulders. González started psychiatric treatment in August 2005 at Centro de Salud Conductual del Oeste upon difficulties to cope with the death of her mother, insomnia, irritability and lack of motivation to go on living. She had sadness, crying spells, feelings of hopelessness, anhedonia and

diminished concentration The ALJ found there was evidence in the medical record that medically determined impairments could produce the alleged symptoms but not with the intensity, persistence and limiting effects prior to July 22, 2007. (Docket No. 5, Trans., p. 24).

The ALJ found no clinical findings which could support the severity of the alleged pain, more so since medications while under the care of treating physician Jimmy Rosado, M.D., General Practitioner were not the strongest analgesics usually given in cases of severe intractable pain. The limitations as to posture and how long the patient could remain sitting were not sustained by treatment notes or objective medical findings. (*Id.*, p. 25). Neither were considered as sustained the opinion of Dr. Ronald Malavé-Ortíz as to significant limitations supported by the record.

The ALJ determined there were consultative examinations by Dr. Samuel Méndez and Dr. Alfredo Pérez-Canabal that indicated a basically intact neurologically individual, without any evidence of muscle weakness, atrophy or sensory deficits. (*Id.*).

Dr. Samuel Méndez-Figueroa, examined plaintiff González on March 6, 2006. She had been prescribed medications that included Advil, Vasotec, Lopressor, Catapres, Prozac and Xanax. The medical examination showed normal reflexes and no motor deficits. Muscle strength was full in all extremities. (Docket No. 5, Trans., p. 165-167). A previous X-ray of the spine of September 5, 2005, revealed mild dextroscoliosis, normal lumbar lordosis and discogenic disease at L3-4, L4-5, L4-S1. (*Id.*, p. 164). Another X-ray of March 6, 2006, found no compression deformity, narrowing of the disc spaces at L4/L4 and L5/S1, with suggestion of muscular spasm. (*Id.*, p. 170).

A perusal of Dr. Pérez-Canabal, a neurologist, dated November 20, 2007, refers to a female individual with complaints of low back pain that radiated to both legs, related to numbness and sometimes to falls, which required a need to change positions frequently. Medications previously prescribed referred to Celebrex and Dologesic. There was some tenderness in the back and the extremities were adequate. The neurological examination found adequate motor and sensory functions. There was no atrophy and no deviation. The motor system had no atrophy either, no fasciculation and had adequate tone. Gait was adequate and there was no abnormal reflexes. (Docket No. 5, Trans., p. 309). Dr. Pérez-Canabal's diagnosis was of cervical myositis, low back pain and S/P laminectomy some 20 years before. (*Id.*, p. 310).

Insofar as the mental condition, there is a psychiatric examination by Dr. Armando I. Caro. Plaintiff González was well groomed, walked with a limp and looked with pain. She had good eye contact with the interviewer, with speech being fluent, coherent and logical. The mood was depressed and the affect was constricted but no delusions. Concentration was fair and immediate memory was preserved. Judgment and insight were fair. The diagnosis was of major depressive disorder, moderate, pain disorder associated to her general medical condition, a disc disorder and hypertension. (Docket No. 5, Trans., pp. 171-172).

Dr. Orlando Reboredo, a state agency psychologist, reviewed the medical evidence on April 28, 2006, opined that based on the patient's affective disorder, major depression moderate, plaintiff had mild restrictions in activities of daily living and moderate difficulties in maintaining social functioning and concentration, persistence or pace, without episodes of decompensation. (*Id.*, pp. 176, 179 and 186). The patient was considered able to

understand, remember and execute simple and detailed complex instructions, sustain pace and attention. (*Id.*).

Dr. Jimmy Rosado, plaintiff González' treating physician, indicated having first attended to the patient in September 2005 up to February 21, 2007. The diagnosis was of severe depression, discogenic disease, high blood pressure, recurrent back pain. He refers to reduced range of motion, abnormal gait, tenderness, muscle spasm and muscle weakness. He also referred the patient could walk two blocks without rest or severe pain. (Docket No. 5, Trans., pp. 209, 210).

Plaintiff González received treatment at the Western Behavioral Health Center from August 29, 2005 through July 30, 2007 because of depression, anxiety, loss of energy, lack of concentration and irritability. (*Id.*, pp. 241-242). Affect and mood were depressed and thought process was described as coherent, relevant and logical. Concentration was poor, memory was preserved and judgment was fair. (*Id.*, p. 248).

The Court of Appeals the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than to testimony and reports of other medical experts in determining whether a claimant is disabled. Similarly, the ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988). That more weight is given to those reports of non-primary treating physician is not an error of the ALJ. *See* Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987). On the basis of this legal precedent, the ALJ made the determinations as to plaintiff González' established limitations as supported by the medical record and submitted the relevant questions to the vocational expert.

Vocational expert Dr. Héctor Puig testified at the administrative hearing. The ALJ questioned the available jobs for an individual such as plaintiff González who could perform light work except for being limited to simple, repetitive tasks and without contact with the public and occasional contact with co-workers and supervisors. (Docket No. 5, Trans., pp. 361-362). The vocational expert indicated such an individual could still perform jobs that were significantly available in the national economy, such as thread cutter, welder and inspector. These were all light work that involved lifting not more than 20 pounds. (*Id.*). The legal representative of plaintiff González also asked Dr. Puig as to an individual limited to sedentary jobs, where she needed to change positions every 30 minutes. Dr. Puig indicated the changing of positions would undercut production performance and there could not be vocational adjustment to any type of sedentary jobs. (*Id.*, p. 363). If in addition, such

an individual also had the emotional components, that is, a deficit in the health personality profile, no vocational adjustment was feasible. (*Id.*).

Plaintiff González objected to the hypothetical questions the ALJ asked to the vocational expert wherein the limitations attested by treating sources were excluded. Indeed, the testimony of a vocational expert who, in response to the ALJ's hypothetical, opined that plaintiff could perform a number of jobs could not serve the ALJ as a finding of plaintiff not being not disabled for the hypothetical questions impermissibly omitted any mention of a significant functional limitation arising from the uncontested medical condition and fatigue symptoms associated with a claimant's chronic fatigue syndrome condition. *See* Rose v. Shalala, 34 F.3d 13,19 (1st Cir. 1994) (remanding for further proceedings because the ALJ did not ask the vocational expert proper questions about non-exertional limitations); *see, e.g.*, Arocho v. Secretary of HHS, 670 F.2d 374, 375 (1st Cir.1982).

Having made a determination that the extreme limitations submitted by the treating physicians were not consonant with objective medical evidence, the ALJ presented the vocational expert, Dr. Puig, with the corresponding questions as to limitations within the residual functional capacity for light work with the assessed restrictions of being limited to simple, repetitive tasks and without contact with the public and occasional contact with co-workers and supervisors.

Notwithstanding the objection of plaintiff's legal representative to the hypothetical questions, the ALJ provided the vocational expert with the necessary premise sustained by the medical record as to plaintiff González' limitations up to July 22, 2007. Plaintiff's legal

representation added thereafter to the hypothetical questions for which the more stringent limitations appear on record but the ALJ did not consider them relevant and/or based on credible determinations based on the consistent medical evidence of record.

Courts give deference to the ALJ's interpretation of the medical record and notice that, although an ALJ is not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion, upon the existence of conflicts in the medical record from the report and sources, it is still not for the Court to resolve same. *See* Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lizotte v. Secretary of Health & Human Servs., 654 F.2d 127 (1st Cir. 1981) (the resolutions of conflicts in the evidence and the determination of the ultimate question of disability is for him [the ALJ], not for the doctors or for the courts). *See also* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[3] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based

---

[3] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

on a legal error. *See* Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

In view of the foregoing, this Magistrate Judge opines the decision of the Commissioner is supported by substantial evidence in the record as whole, for which reason it should be AFFIRMED.

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge, having carefully perused the record and considered whether there was substantial evidence in support of the decision rendered by the Commissioner concludes the Commissioner's decision is supported by substantial evidence. As such, the Commissioner's decision is **AFFIRMED**.

Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 4th day of October of 2012.

                               S/CAMILLE L. VELEZ-RIVE
                               CAMILLE L. VELEZ RIVE
                               UNITED STATES MAGISTRATE JUDGE